**Opinion issued July 26, 2012.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

---

**NO. 01–11–01097–CV**

---

**IN THE MATTER OF Z.E.K.B.L. AKA Z.L., A.S.L. AKA A.L., S.E.L., AND S.Z.L., Children**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-18283**

---

## MEMORANDUM OPINION

On December 6, 2011, appellant, Karin Elizabeth Sims-Lowry, filed a notice of appeal from the trial court's judgment of November 17, 2011. On March 29, 2012, the trial court clerk informed this Court that appellant had not paid nor made arrangements to pay for the clerk's record. This Court then notified appellant that,

as reflected in the clerk's record on indigence, she is not entitled to proceed on appeal without payment of costs. *See* TEX. R. APP. P. 20.1. We further notified appellant that we would dismiss this appeal for want of prosecution unless she provided us with evidence by April 9, 2012 that she had paid for the clerk's record. On April 13, 2012, appellant filed an "Affidavit of Indigence" in this Court, stating that she could pay the clerk's fee, but requesting an indeterminate extension of time to pay the fee. On May 4, 2012, this Court ordered appellant to pay for the clerk's record by May 18, 2012, directed the clerk to file the record within 10 days from receipt of payment, and informed appellant that the March 29, 2012 notices remained in effect. On May 22, 2012, appellant filed a "Notice of filing for Extension for Post Trail [sic] Clerk fees and Court Reporters [sic] Fees," in which she acknowledges that she had received this Court's May 4, 2012 order on May 14, 2012 and requested a "30 day extension to pay the court porters [sic] fees of $385.60 and the post trial clerk [sic] fees of $150.00." On June 27, 2012, the trial court clerk informed this Court that appellant, on June 26, 2012, sent a facsimile to the clerk, stating that she only wanted certain documents to be included in the record[1] and "attached is a copy of the documents needed to be copied and a money order in the amount of $15.00 which should cover the cost for the copies of these documents."

---

[1] The limited records requested by appellant do not satisfy the requirements of the pertinent Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.2, 34.5(a).

The trial court clerk has yet to receive any funds from appellant.

The clerk's record in this case was originally due on January 17, 2012, and appellant was given extension of deadlines for paying the clerk's fees to April 9, 2012 and May 18, 2012. *See* TEX. R. APP. P. 35.1 (requiring appellate record to be filed within 60 days after judgment is signed), 35.3(a) (imposing duty on trial court clerk to file clerk's record if party responsible for paying for preparation of record has paid or made arrangements to pay clerk's fee), 35.3(c) (imposing duty on trial and appellate court to ensure that record is timely filed, but permitting late-filing of record when delay is appellant's fault, and authorizing court to enter any order necessary to ensure timely filing of record). Nevertheless, and despite the passage of more than 30 days from appellant's second request for an extension of time to pay the fees, appellant has neither established indigence, nor paid, nor made arrangements to pay, the fee for preparing the clerk's record.[2] *See* TEX. R. APP. P. 20.1 (listing requirements for establishing indigence), 35.3(a) (imposing duty on trial court clerk to file clerk's record if party responsible for paying for preparation of record has paid or made arrangements to pay clerk's fee).

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 37.3(b) (allowing dismissal of appeal if no clerk's record filed due to appellant's fault), 42.3 (allowing

---

[2]     Even if appellant had paid $15.00 to the trial court clerk, the record shows that any such payment was not made pursuant to a payment plan and still only constitutes ten percent of the clerk's fee.

3

involuntary dismissal).   We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Massengale.